IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-300-D

| | | |
|---|---|---|
| LANCE ADAM GOLDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STERLING WEBSTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 13, 2011, Lance Adam Goldman ("Goldman" or "plaintiff") filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On December 5, 2011, Goldman filed a motion to dismiss this action without prejudice [D.E. 6]. Goldman does not give a reason for seeking dismissal.

A plaintiff may dismiss an action voluntarily, without an order of the court, by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Otherwise, an action shall not be dismissed on the plaintiff's request except upon order of the court. Fed. R. Civ. P. 41(a)(2). No defendant has filed an answer or a motion for summary judgment. Thus, the court will allow the voluntary dismissal.

However, the court cautions Goldman that filing lawsuits is not an action to be taken lightly. Goldman is a well-known litigant in this district, having filed eleven actions in fifteen months. See Goldman v. Kenworthy, No. 5:10-HC-2271-D, slip op. at 1 n.1 (E.D.N.C. Aug. 30, 2011) (unpublished) (collecting cases). Goldman has now sought and obtained four voluntary dismissals. Id. Goldman has named many of the same parties as defendants in several cases. For example, Goldman named Kevin Brian Strickland as a defendant in Goldman v. Strickland, No. 5:11-CT-3002-D (E.D.N.C.), an action he filed on January 7, 2011, and sought voluntary dismissal of less

than two weeks later. Id., [D.E. 1, 5]. Goldman again named Strickland as a defendant in Goldman v. Brannon, No. 5:11-CT-3051-FL (E.D.N.C.), filed on March 11, 2011, and on December 2, 2011, another court in this district allowed Goldman to proceed with his claims against Strickland. See Goldman v. Brannon, No. 5:11-CT-3051-FL, [D.E. 7] (E.D.N.C. Dec. 2, 2011) (unpublished). Goldman has again named Strickland as a defendant in this action, filed on June 13, 2011, and he now seeks a voluntary dismissal, apparently because he intends to pursue his claims in the other action. Goldman may not use this court as a forum "for any improper purpose, such as to harass" a person. Fed. R. Civ. P. 11(b); see 28 U.S.C. § 1915A(b)(1). Moreover, in addition to his voluntary dismissals, Goldman has incurred two "strikes" under the provisions of the Prisoner Litigation Reform Act. See Goldman v. Kenworthy, No. 5:10-HC-2271-D, [D.E. 5] (E.D.N.C. Aug. 30, 2011) (unpublished); Goldman v. Johnson, No. 5:11-CT-3031-D, [D.E. 7] (E.D.N.C. Sept. 16, 2011) (unpublished), appeal dismissed, No. 11-7313 (4th Cir. Dec. 1, 2011) (unpublished).

Goldman's motion for dismissal without prejudice [D.E. 6] is ALLOWED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 14 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge

2